**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SLEP-TONE ENTERTAINMENT**
**CORPORATION,**

    Plaintiff,

v.                                  Case No. 8:12-cv-1187-T-30EAJ

**IL MIO SOGNO, LLC,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Il Mio Sogno LLC's Motion to Dismiss (Dkt. 9) and Plaintiff's Response in opposition (Dkt. 14). The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

## DISCUSSION

Plaintiff Slep-Tone Entertainment Corporation ("Slep-Tone") manufactures karaoke accompaniment tracks on compact discs, which are used during karaoke shows for participants to sing along with. Slep-Tone is the owner of U.S. Trademark Registration No. 1,923,448 for the trademark Sound Choice. Slep-Tone is also the owner of U.S. Trademark Registration No. 2,000,725 for a display trademark for Sound Choice.

Defendant Il Mio Sogno LLC operates an establishment known as "Mongello's Restaurant." Plaintiff alleges that Defendant contracted with one or more suppliers known

as karaoke operators who provided karaoke entertainment shows at Mongello's Restaurant. Plaintiff alleges that Defendant knew that the karaoke operators were infringing Plaintiff's trademark and refused to terminate their services.

The complaint asserts causes of action against Defendant for federal trademark infringement, federal unfair competition, and deceptive and unfair trade practices under Florida law.

Defendant's sole basis for dismissal of Plaintiff's complaint is that the karaoke operators are not named in the complaint.  Specifically, Defendant contends that this case is not "ripe" for adjudication unless the "unnamed 'karaoke operator' has been adjudicated a violator of the plaintiff's registered trademark or has been otherwise found to have competed unfairly under the law."  (Dkt. 9).

Defendant's argument lacks merit.  As Plaintiff points out, this Court previously held in a related Slep-Tone case that to prevail on a contributory trademark infringement claim, a plaintiff must show that the defendant "intentionally induces another to infringe a trademark, or [ ] continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement...." *Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 854, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982).

Vicarious liability for trademark infringement "requires a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *RGS Labs Intern., Inc. v. The Sherwin-Williams Co.*, 2010 WL 317778, at *3 (S.D.

Fla. Jan. 11, 2010) (*citing Hard Rock Café Licensing Corp. v. Concession Servs., Inc.,* 955 F.2d 1143, 1150 (7th Cir. 1992)).

Here, with respect to all of the claims alleged in the complaint, it is immaterial whether the karaoke operators are named in the complaint. Plaintiff also does not need to achieve a judgment in its favor against the karaoke operators before it brings the instant action. Plaintiff's allegations are sufficient because they include the facts that Defendant was aware of the karaoke operators' unlawful activity and continued to utilize their services at its establishment. In other words, a finder of fact could determine that Defendant had the ability to control whether its karaoke providers/operators were performing using lawful, properly licensed accompaniment tracks.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Il Mio Sogno LLC's Motion to Dismiss (Dkt. 9) is DENIED.

2. Defendant shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 3, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-1187.mtdismiss9.frm